UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEBBY,

    Plaintiff,                             CASE NO. 18-13711
v.                                      HON. GEORGE CARAM STEEH

PROCTOR & GAMBLE COMPANY
and ASTRA ZENECA MANUFACTURING
COMPANY,

    Defendants.
_____/

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (DOC. 20)

Appearing *pro se*, Plaintiff John Lebby filed his complaint against The Proctor & Gamble Company and AstraZeneca Pharmaceuticals on November 28, 2018. Plaintiff alleges that he suffered injuries, including paralysis, heart failure, and kidney failure, as a result of taking the drug Prilosec for acid reflux. In response, Defendants have filed a motion to dismiss, arguing that Plaintiff's products liability claim is barred by M.C.L. § 600.2946(5), which provides immunity to drug manufacturers and sellers of medications that have been approved by the Food and Drug Administration. Plaintiff has not filed a response to Defendants' motion, which was due April 19, 2019. Doc. 21.

- 1 -

A motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. *See also Hensley Manuf. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Michigan law applies to this diversity action. *See* Doc. 20 at 5. A Michigan statute provides drug manufacturers and sellers with immunity from product liability claims "if the drug was approved for safety and efficacy by [the FDA], and the drug and labeling were in compliance with [the FDA's] approval at the time the drug left the control of the manufacturer or seller." M.C.L. § 600.2946(5). *See also Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 964 (6th Cir. 2004). This immunity does not apply if the drug is sold after the FDA has removed it from the market, or if the manufacturer has defrauded or bribed the FDA. M.C.L. § 600.2946(5).

Plaintiff alleges he was harmed by Prilosec, an FDA-approved drug. Plaintiff has not alleged that the drug's labeling was not in compliance with the FDA's approval, nor has he alleged that the fraud or bribery exceptions to immunity apply. Therefore, Plaintiff's products liability claim is barred by M.C.L. § 600.2946(5). *Zammit v. Shire U.S., Inc.*, 415 F. Supp.2d 760, 768 (E.D. Mich. 2006); *White v. SmithKline Beecham Corp.*, 538 F. Supp.2d 1023, 1029 (W.D. Mich. 2008) (most suits against drug manufacturers in Michigan are "functionally foreclosed"). Plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss (Doc. 20) is GRANTED and that Plaintiff's complaint is DISMISSED.

Dated: May 6, 2019

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 6, 2019, by electronic and/or ordinary mail and also on John Lebby, 18425 Hickory Street, Detroit, MI 48205.

s/Barbara Radke
Deputy Clerk